# **EXHIBIT B**

*Transcript of Ruling on the Record of April 29, 2015 Hearing in the Bankruptcy Court*

```
                                                                        1

 1

 2            IN THE UNITED STATES BANKRUPTCY COURT
            FOR THE NORTHERN DISTRICT OF ILLINOIS
 3                       EASTERN DIVISION

 4

 5  CAESARS ENTERTAINMENT OPERATING )
    COMPANY, INC., et al.,          )  No. 15 B 01145
 6                                  )  Chicago, Illinois
                                    )  1:30 p.m.
 7               Debtors.           )  April 29, 2015

 8

 9         TRANSCRIPT OF PROCEEDINGS BEFORE THE
              HONORABLE A. BENJAMIN GOLDGAR
10

11  APPEARANCES:

12  For the Debtors:                 Mr. Ryan Preston Dahl;
                                     Mr. Jeffrey Zeiger;
13                                   Mr. Paul Basta;
                                     Mr. David Seligman;
14

15  For the Noteholder committee:    Mr. Sid Levinson;

16  The Examiner:                    Mr. Richard Davis;

17  For the Examiner:                Mr. Daniel McGuire;
                                     Mr. David Neier;
18

19  For Meehan Combs:                Mr. Tim Casey;

20  For Comenity Bank:               Mr. Robert Berner;

21

22

23  Court Reporter:                  Amy Doolin, CSR, RPR
                                     U.S. Courthouse
24                                   219 South Dearborn
                                     Room 661
25                                   Chicago, IL  60604.
```

1        THE COURT: Yes, that's fine. We can
2 revisit exclusivity.
3        MR. BASTA: Thank you.
4        THE COURT: So we'll pass that and
5 continue on to the creditor committee's motion to
6 compel CEOC to consent to the involuntary petition.
7 I have a ruling on that which I will read.
8        Before me this afternoon is the motion
9 of the unsecured claimholders committee styled a
10 motion "to compel debtor to consent to involuntary
11 petition." By that the committee apparently means
12 consent to entry of an order for relief on the
13 petition that three creditors filed against debtor
14 Caesars Entertainment in Delaware on January 12.
15 Three days later, Caesars and more than 170
16 subsidiaries filed voluntary petitions in this
17 district, and the Delaware court transferred the
18 involuntary case here.
19        Caesars has answered the involuntary
20 petition and is contesting it. Caesars also moved to
21 suspend the proceedings in the involuntary petition
22 pending other proceedings in the voluntary case. The
23 second lien noteholders committee countered with a
24 motion to consolidate the cases and deem
25 January 12th the petition date. A large preference

1  claim allegedly depends on whether the petition date
2  is January 12 or January 15.
3              Finding it inappropriate to suspend
4  proceedings in the involuntary case and premature to
5  consolidate the cases, and acknowledging that CEOC
6  was contesting the involuntary petition, on March 25
7  I denied the motion to suspend proceedings and said I
8  would set the involuntary petition for trial.  At a
9  continued hearing on April 8th, I set the trial for
10 this coming August.
11             On April 7, the day before the trial
12 date was set, the committee filed the current motion
13 that if granted would obviate the need for a trial.
14 But the motion will not be granted.
15             The committee's motion is premised on
16 the theory that an alleged debtor in an involuntary
17 case has a "right to consent to the involuntary
18 petition," this right is property of the bankruptcy
19 estate, and the alleged debtor can be forced to
20 exercise that right in a particular way that benefits
21 creditors.  The committee cites no authority of any
22 kind supporting its theory which is, to be
23 charitable, incorrect.  It's incorrect for two
24 reasons.
25             First, the theory is inconsistent with

1  the Bankruptcy Code.  Sections 303(b) and (h) of the
2  Code set out specific requirements that creditors
3  filing an involuntary petition must meet before an
4  order for relief can be entered.  One of them is not
5  whether creditors would be better off with its entry.
6  More important, Sections 303(d) and (h) confer on an
7  alleged debtor subjected to an involuntary petition
8  the right to contest whether those requirements have
9  been met.  The notion that there is some sort of
10 competing right to "consent" to the petition, a right
11 that must be exercised for the benefit of creditors,
12 would read the requirements for an involuntary case
13 out of the Code and eliminate the alleged debtor's
14 right to contest the petition.  Regardless of the
15 merits of the petition or the malice with which it
16 was filed, an order for relief would have to be
17 entered any time creditors would arguably be better
18 off.  Section 303 makes abundantly clear that is not
19 what Congress had in mind.
20              Second, the committee's theory is a
21 rather obvious exercise in question-begging.  In the
22 committee's view, an alleged debtor can be compelled
23 to consent to the entry of an order for relief if the
24 order for relief would confer what the committee
25 calls "a slam dunk preference action," its term for

1  preference action here.  But a preference is a purely
2  legal construct that depends for its existence on the
3  entry of an order for relief.  Until there is an
4  order for relief, there is no preference.  And
5  because there is no preference, there is no
6  preference action.  The alleged debtor here therefore
7  has no "slam dunk preference action" that can be
8  given up - not yet anyway.  The committee's motion
9  assumes the existence of the preference as well as
10 the action to avoid it and then, based on that
11 assumption, demands entry of an order for relief.
12 The logical flaw is glaring.
13             As the committee admits in a footnote,
14 this same unsupported and fallacious argument was
15 advanced in connection with the motions to suspend
16 proceedings and consolidate the cases.  It wasn't
17 mentioned in my ruling on those motions because it
18 didn't rate a mention.  I'm not sure why the argument
19 has been raised again now.  It shouldn't have been.
20 As I noted earlier, the committee also filed the
21 current motion despite my intention, clearly
22 expressed at the March 25 hearing, to set the
23 involuntary petition for trial.  At the April 8
24 hearing when I set the actual trial date, the
25 committee interposed no objection and did not even

1  alert me that it had filed the current motion
2  although the motion was filed the day before.
3              The committee's motion to force
4  Caesars to consent to an order for relief is
5  meritless and is denied.  The trial date on the
6  involuntary petition will stand.
7              We'll take a recess.
8              How much time do you believe you'll
9  want?  We have two matters to be discussed, but I
10 think separate groups may be discussing them.  I'll
11 give you whatever you need.
12             MR. BASTA:  Your Honor, could we
13 request 30 minutes?
14             THE COURT:  Sure.  That's fine.  We'll
15 take a 30-minute break.  We'll resume at 2:35.
16             (Brief recess.)
17             THE CLERK:  Court is reconvened.
18             MR. NEIER:  Good afternoon.  David
19 Neier, Winston & Strawn, on behalf of the examiner.
20             THE COURT:  Good afternoon.
21             MR. NEIER:  Your Honor, we had a lot
22 of conversations in the hallway with a lot of people,
23 but we -- and they were productive, but we have not
24 yet finalized an agreement that would satisfy
25 everyone's concerns.

1 Judge.

2 　　　　　THE COURT: All right. Thanks.

3 　　　　　Anything further today?

4 　　　　　(No response.)

5 　　　　　THE COURT: All right. Thank you so

6 much.

7 　　　　　(Which were all the proceedings had in

8 　　　　　the above-entitled cause, April 29,

9 　　　　　2015, 1:30 p.m.)

10 I, AMY B. DOOLIN, CSR, RPR, DO HEREBY CERTIFY
THAT THE FOREGOING IS A TRUE AND ACCURATE
11 TRANSCRIPT OF PROCEEDINGS HAD IN THE ABOVE-
ENTITLED CAUSE.

12

13

14

15

16

17

18

19

20

21

22

23

24

25